# CHARLESTON.

BAILEY LUMBER COMPANY *v.* C. O. DUNN

(No. 6801)

Submitted November 12, 1930. Decided November 25, 1930.

*Arthur F. Kingdon,* for plaintiff in error.
*Williams & Riffe,* for defendant in error.

LITZ, JUDGE:

This is an action against an attorney for money collected by him belonging to his client.

On September 13, 1926, defendant, C. O. Dunn, as attorney for plaintiff, Bailey Lumber Company, received of E. H. Crouch Lumber Company the sum of $1047.75 in settlement of a judgment in favor of the plaintiff against M. P. Vipperman based upon a claim which the plaintiff had theretofore entrusted to the defendant for collection. The defendant refusing, without legal excuse, to remit to the plaintiff any part of said sum, this action was instituted November 23, 1929, for the recovery of the full amount thereof with damages in accordance with section 11, chapter 119, Code 1923, as follows: "If any attorney receive money for his client as such attorney and fail to pay the same on demand, or within six months after receipt thereof, without good and sufficient reason for such failure, it may be recovered from him by suit or motion; and damages in lieu of interest not exceeding fifteen per centum per annum until paid, may be awarded against him, and he shall be deemed guilty of a misdemeanor and be fined not less than twenty nor more than five hundred dollars." The court, sitting in lieu of a jury, found that the defendant was entitled to a fee of $368.85 for collecting the claim, and rendered judgment against him in favor of the plaintiff for the remainder of the principal demand, with interest thereon at 6% from September 13, 1926.

The plaintiff complains of the action of the trial court in allowing the defendant a collection fee as a credit against its demand and in limiting the rate of interest on the remainder to 6%.

The defendant, by his conduct, has disentitled himself to compensation for services rendered in effecting the collection.

"Where an attorney collects money for his client, and in bad faith or without legal reason retains the same and refuses to pay it over, whereby the client is forced to resort to legal proceedings against him, involving the employment of another attorney, the collecting attorney loses his right to compensation for the collection of the funds." 6 C. J., page 723. The statute was plainly intended to strengthen the common law rule by subjecting to its penalty an attorney who, without good and sufficient reason, fails to pay money, received for his client, on demand or within six months after its receipt.

Sufficient reason is not stated or perceived, however, for reviewing the discretionary action of the trial court in fixing the minimum as the penal rate of interest.

The judgment of the circuit court will be reversed and judgment entered here against the defendant in favor of plaintiff for its principal demand, with interest thereon at the rate of 6% per annum from September 13, 1926.

*Reversed and rendered.*